UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GEORGE KERSEY,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>REPUBLICAN NATIONAL COMMITTEE,<br><br>　　　　Defendant. | Civil Action No. 24-cv-10387-AK |

## ORDER

**A. KELLEY, D.J.**

In this action, plaintiff George Kersey, who is self-represented, claims that the current political position of the Republican National Committee does not align with its name. In his one-page complaint, Kersey alleges:

> 3. Adolph Hitler took over the German Worker Party in Germany [and] converted it to Nazism.
>
> 4. Similarly Donald Trump has taken over the so-called Republican Party and converted it to Confederalism.
>
> 5. Accordingly, the current Republican should be re-named as the American Confederate Policy which believes in social inequality in violation of the United States Constitution which believes "all men (and women) are created equal.["]

[Dkt. 1 ¶¶ 3-5]. Kersey asserts that he has standing to bring this claim because he "served in the U.S. Military and took an oath to defend the Constitution." [Id. ¶ 6].

Kersey cannot state a claim for relief based on these alleged facts. A political party has a First Amendment right to choose its own name and define its platform. See, e.g., New York State Bd. of Elections v. Lopez Torres, 552 U.S. 196 (2008) ("A political party has a First

Amendment right to limit its membership as it wishes, and to choose a candidate-selection process that will in its view produce the nominee who best represents its political platform.").

    Accordingly, the Court dismisses this case.[1]

.

Dated: June 13, 2024                                       /s/ Angel Kelley
                                                                            Hon. Angel Kelley
                                                                            United States District Judge

---

[1] The Court may, <u>sua sponte</u>, dismiss a case that lacks an arguable basis in law. <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (defining a "frivolous" complaint as one that "lacks an arguable basis either in law or in fact"); <u>Clorex Co. P.R. v. Proctor & Gamble Com. Co.</u>, 228 F.3d 24, 30-31 (1st Cir. 2000) (stating that frivolous claims may be dismissed <u>sua sponte</u>).