**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GEORGE KERSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-CV-10387-AK |
| ) | |
| REPUBLICAN NATIONAL COMMITTEE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**A. KELLEY, D.J.**

In this closed case, plaintiff George Kersey, who represents himself, argued that the political stance of the Republican National Committee is inconsistent with its name. [Dkt. 1]. The Court dismissed the case as frivolous [Dkt. 3], and Kersey appealed the dismissal to the United States Court of Appeals for the First Circuit ("First Circuit") [Dkt. 6]. Presently before the Court are Kersey's Application to Proceed in District Court without Prepaying Fees or Costs ("Application") [Dkt. 10] and a Motion to Reopen ("Motion") [Dkt. 11].[1] For the reasons outlined below, both the Application and Motion are **DENIED**.

### I. Application to Proceed *in Forma Pauperis*

#### A. Background

Kersey initiated this case without paying the required $405 filing fee or requesting permission to proceed without paying (*in forma pauperis*). In an order dated June 13, 2024 [Dkt.

---

[1] On each filing, Kersey included the District Court case number for this action (C.A. No. 24-CV-10387-AK) and the First Circuit number for the appeal (No. 24-1597). For purposes of this order, the Court rules on Kersey's filings with the assumption that he seeks relief from the District Court. Any request for relief from the First Circuit must be filed with the Clerk for the First Circuit.

3], the Court dismissed the case as frivolous without addressing the filing fee.  Kersey then filed

a timely notice of appeal.  [Dkt. 6].  However, the First Circuit dismissed his appeal for lack of

prosecution on August 12, 2024, because Kersey did not pay the $605 fee for commencing the

appeal or file a motion in the district court to appeal *in forma pauperis*.[2]  [Dkt. 9].

Despite the dismissal of his appeal, Kersey filed the present Application on August 20,

2024.  Kersey also filed a motion to proceed *in forma pauperis* with the First Circuit on

September 3, 2024.  See Kersey v. Republican Nat'l Comm., No. 24-1597 (1st Cir.).  On

September 11, 2024, the First Circuit vacated the dismissal from August 12, 2024, acknowledged

that Kersey had a pending Application in the district court, and instructed him to inform the

appellate court once this Court ruled on the Application.  Id.  On October 21, 2024, the First

Circuit denied the *in forma pauperis* motion filed with them without prejudice, indicating that

Kersey could refile the motion with the First Circuit if this Court denied his Application for the

same.  Id.

### B.  Discussion

The Court will treat Kersey's Application as a motion to appeal *in forma pauperis*.  The

Court denies the Application for two reasons: (1) Kersey's appeal is not taken in objective "good

faith"; and (2) the Application does not meet the necessary requirements for an appeal *in forma

pauperis*.

### 1.  Appeal Not Taken in Good Faith

Under federal law, "[a]n appeal may not be taken in forma pauperis if the trial court

certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  "Good faith"

means that the litigant seeks "appellate review of any issue not frivolous."  Coppedge v. United

---

[2] A motion to appeal *in forma pauperis* must be filed in the district court.  See Fed. R. App. P. 24(a)(1).

States, 369 U.S. 438, 445 (1962).  A claim is considered frivolous if "no reasonable person could suppose [it] to have any merit."  Williams v. Williams, No. CV 23-13180, 2024 WL 1444022, at *1 (D. Mass. Mar. 5, 2024) (alteration in original) (quoting Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000)).

In this case, Kersey's appeal is frivolous.  No reasonable person could believe that his claim, which argues for the Republican Party to change its name to better align with its platform, has any legitimate legal basis.  The Court previously explained that political parties have the First Amendment right to choose their own names, ideologies, and candidates.  [Dkt. 3].

### 2.   Requirements for a Motion to Appeal *in Forma Pauperis*

According to the Federal Rules of Appellate Procedure, a person seeking to appeal *in forma pauperis* must include an affidavit that: (A) shows their inability to pay fees; (B) claims a right to appeal; and (C) states the issues they plan to raise on appeal.  See Fed. R. App. P. 24(a)(1).

While Kersey has filed an Application, it does not provide the detailed financial information required under Fed. R. Civ. P. 24(a)(1).  Consequently, treating the Application as a motion to appeal *in forma pauperis*, the Court must deny it.

### 3.   Filing a Motion to Appeal with the First Circuit

If Kersey wishes to contest the Court's denial of his Application and continue seeking *in forma pauperis* status on appeal, he may file a new motion with the First Circuit within thirty (30) days of receiving this order, including the required four-page financial affidavit.  See Fed. R. App. P. 24(a).

## II.   Motion to Reopen

In his two-sentence Motion, Kersey states: "Plaintiff has filed the required Poverty Affidavit for this case" and "[w]ith the filing of the Poverty Affidavit[,] Plaintiff requests reopening of the Case."  [Dkt. 11 at 1].

Given that the First Circuit has vacated the dismissal of his appeal, jurisdiction over this case remains with the First Circuit.  Consequently, this Court lacks jurisdiction to "reopen" the district court case as requested.  See Coinbase, Inc. v. Bielski, 599 U.S. 736, 740 (2023) ("An appeal . . . 'divests the district court of its control over those aspects of the case involved in the appeal.'" (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam)).  Furthermore, since the case was dismissed as frivolous rather than for failing to file a motion to proceed *in forma pauperis*, the Court would not grant the Motion, even if the matter were remanded; thus, no indicative ruling suggesting otherwise is warranted under Fed. R. Civ. P. 62.1.

## III.   Conclusion

In accordance with the foregoing, the Court hereby **ORDERS**:

1. The Application [Dkt. 10], treated as a motion to appeal *in forma pauperis*, is **DENIED** because: (1) the Court certifies that any appeal of the order dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3); and (2) the Application fails to provide the necessary financial information as required under Rule 24(a)(1) of the Federal Rules of Appellate Procedure.

2. The Motion to Reopen [Dkt. 11] is **DENIED**.

3. The Clerk shall transmit this order to the First Circuit.

4

4. The Clerk shall provide Kersey with the Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis.  This document can also be found at https://www.ca1.uscourts.gov/sites/ca1/files/form4.pdf.  Kersey must utilize this form if he elects to file a motion with the First Circuit to appeal *in forma pauperis*, as set forth above.

Dated: October 29, 2024                                    */s/ Angel Kelley*
                                                           Hon. Angel Kelley
                                                           United States District Judge